| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: <br> DISTRICT OF DELAWARE | |
| Case number *(if known)* _____ | Chapter **7** |
| | ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | **IntegraMed Management of Bridgeport LLC** | |
|---|---|---|---|
| 2. | All other names debtor used in the last 8 years <br> Include any assumed names, trade names and *doing business as* names | | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **47-4820302** | |
| 4. | Debtor's address | **Principal place of business** <br><br> **2 Manhattanville Road** <br> **Purchase, NY 10577** <br> Number, Street, City, State & ZIP Code <br><br> **Westchester** <br> County | **Mailing address, if different from principal place of business** <br><br> _____ <br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> _____ <br> Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | | |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ | |

Debtor    **IntegraMed Management of Bridgeport LLC**    Case number (*if known*) _____
        Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
__5611__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

■ Chapter 7
☐ Chapter 9
☐ Chapter 11. *Check **all** that apply*:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No
■ Yes.

Debtor    **See attached Rider 1**    Relationship _____
District _____ When _____ Case number, if known _____

Debtor    **IntegraMed Management of Bridgeport LLC**    Case number (*if known*) _____
         Name

| | | |
|---|---|---|
| **11.** | **Why is the case filed in *this district*?** | *Check all that apply:*<br>■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12.** | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☐ No<br>■ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>    What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>■ Other   **See attached Rider 2**<br>**Where is the property?** _____<br>                              Number, Street, City, State & ZIP Code<br>**Is the property insured?**<br>☐ No<br>■ Yes.  Insurance agency   **Alliant**<br>         Contact name        **Jennifer Brandt**<br>         Phone                     **615-324-1198** |

■ **Statistical and administrative information**

| | | |
|---|---|---|
| **13.** | **Debtor's estimation of available funds** | *Check one:*<br>☐ Funds will be available for distribution to unsecured creditors.<br>■ After any administrative expenses are paid, no funds will be available to unsecured creditors. |
| **14.** | **Estimated number of creditors** | ■ 1-49          ☐ 1,000-5,000          ☐ 25,001-50,000<br>☐ 50-99        ☐ 5001-10,000         ☐ 50,001-100,000<br>☐ 100-199    ☐ 10,001-25,000      ☐ More than100,000<br>☐ 200-999 |
| **15.** | **Estimated Assets** | ■ $0 - $50,000                    ☐ $1,000,001 - $10 million           ☐ $500,000,001 - $1 billion<br>☐ $50,001 - $100,000          ☐ $10,000,001 - $50 million          ☐ $1,000,000,001 - $10 billion<br>☐ $100,001 - $500,000        ☐ $50,000,001 - $100 million       ☐ $10,000,000,001 - $50 billion<br>☐ $500,001 - $1 million        ☐ $100,000,001 - $500 million      ☐ More than $50 billion |
| **16.** | **Estimated liabilities** | ■ $0 - $50,000                    ☐ $1,000,001 - $10 million           ☐ $500,000,001 - $1 billion<br>☐ $50,001 - $100,000          ☐ $10,000,001 - $50 million          ☐ $1,000,000,001 - $10 billion<br>☐ $100,001 - $500,000        ☐ $50,000,001 - $100 million       ☐ $10,000,000,001 - $50 billion<br>☐ $500,001 - $1 million        ☐ $100,000,001 - $500 million      ☐ More than $50 billion |

Debtor **IntegraMed Management of Bridgeport LLC**
Name

Case number (*if known*) _____

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **May 20, 2020**
MM / DD / YYYY

X **/s/ F. Richard Dietz, Jr.**    **F. Richard Dietz, Jr.**
Signature of authorized representative of debtor    Printed name

Title **Interim Chief Executive Officer**

**18. Signature of attorney**

X **/s/ Andrew L. Magaziner**    Date **May 20, 2020**
Signature of attorney for debtor    MM / DD / YYYY

**Andrew L. Magaziner**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone **(302) 571-6600**    Email address **amagaziner@ycst.com**

**5426 DE**
Bar number and State

## **Rider 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below filed a petition in this court for relief under chapter 7 of title 11 of the United States Code.

1. IntegraMed Holding Corp.
2. IntegraMed America, Inc.
3. Trellis Health LLC
4. IntegraMed Fertility Holding Corp.
5. Reproductive Partners, Inc.
6. IntegraMed Management of Bridgeport, LLC
7. IntegraMed Florida Holdings, LLC
8. IntegraMed Management of Mobile, LLC
9. IntegraMed Management, LLC
10. IntregraMed Medical Missouri, LLC

## Rider 2

### Prepetition Sale

On May 11, 2020, IntegraMed America, Inc. sold certain of its information technology assets to a new entity ("Newco Fertility") affiliated with Amulet Capital Partners, L.P. for a purchase price of $7 million and the assumption of certain liabilities. Following the closing of this transaction, the Debtors understand that Newco Fertility purchased all of the debt outstanding under the Debtors' Amended and Restated Credit Agreement, dated as of May 9, 2018 (as amended, the "Senior Credit Agreement"). As a result, as of the date hereof, Newco Fertility is the Debtors' senior lender and owner of the Debtors' previously-owned information technology assets. It is the Debtors' understanding that Newco Fertility will be in contact with the Chapter 7 trustee and that IntegraMed America's network of clinics will continue to have access to the information technology assets and related services following the date hereof.

### Property Requiring Immediate Attention

In the field of human infertility, there is the capability to cryopreserve ("freeze") human eggs, embryos and sperm as part of standard IVF treatment for patients. Cryopreservation is a laboratory process that allows for the preservation and storage of biological tissues, in a frozen state, over extended periods of time. Cryopreserved biological tissues are stored in specialized cryopreservation tanks (in liquid nitrogen) at the IVF clinics. As these cryopreserved biological materials belong to patients and represent critical human tissue for family building, the ongoing monitoring and management of cryopreservation tanks is imperative.

Given the Chapter 7 filing, several IntegraMed network managed IVF clinics will or may cease ongoing operations, and the subsequent custodianship and management of cryopreservation tissue at each clinic, on behalf of the patient and effective patient care, is a high priority. More specifically, outreach to patients with cryopreserved tissue, the transfer of their tissue to a third party long term storage facility, and transition period financial support for patient care wind down and cryopreservation management is warranted in order to avoid abandonment of said cryopreserved tissue.

Further, ensuring the completion of patient care as part of a clinic wind down process is also a high priority.

The following IntegraMed network managed IVF clinics are of particular focus for an interim cryopreservation management process given IntegraMed's close-in management of these locations:

- SIRM New York
    - Address – 425 5th Avenue #3 New York, NY 10016
    - Medical Director - Drew Tortoriello, MD
- SIRM Missouri
    - Address – 555 N. New Ballas Road, Suite 150 Creve Coeur, MO 63141
    - Medical Director - Molina Dayal, MD
- SIRM Texas
    - Address – 7777 Forest Lane, Suite C-638 Dallas, Texas 75230
    - Medical Director - Walid Saleh, MD
- CT Fertility (this facility previously ceased operations but still has specimens in storage)
    - Address – 10 Technology Drive Trumbull, CT 06611
    - Lab Director – Levent Keskintepe, Levent.Keskintepe@integramed.com
    - Lab Manager – Seyed Ghaemi, seyed.ghaemi@ctfertility.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED HOLDING CORP.,[1] | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED AMERICA, INC., | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TRELLIS HEALTH LLC, | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED FERTILITY HOLDING CORP., | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| REPRODUCTIVE PARTNERS, INC., | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

---

[1] The Debtors in the above captioned Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: IntegraMed Holding Corp. (4778), IntegraMed America, Inc. (0326), Trellis Health LLC (8710), IntegraMed Fertility Holding Corp. (7962), Reproductive Partners, Inc. (7978), IntegraMed Management of Bridgeport, LLC (0302), IntegraMed Florida Holdings, LLC (6524), IntegraMed Management of Mobile, LLC (2766), IntegraMed Management, LLC (9197), and IntegraMed Medical Missouri, LLC (0494). The Debtors' corporate headquarters is located at 2 Manhattanville Road, Purchase, NY 10577.

26356373.1

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| INTEGRAMED MANAGEMENT OF BRIDGEPORT, LLC, | ) ) ) | Case No. 20-_____ (___) |
| Debtor. | ) ) | |
| In re: | ) ) | Chapter 7 |
| INTEGRAMED FLORIDA HOLDINGS, LLC, | ) ) ) | Case No. 20-_____ (___) |
| Debtor. | ) ) | |
| In re: | ) ) | Chapter 7 |
| INTEGRAMED MANAGEMENT OF MOBILE, LLC, | ) ) ) | Case No. 20-_____ (___) |
| Debtor. | ) ) | |
| In re: | ) ) | Chapter 7 |
| INTEGRAMED MANAGEMENT, LLC, | ) ) | Case No. 20-_____ (___) |
| Debtor. | ) ) | |
| In re: | ) ) | Chapter 7 |
| INTEGRAMED MEDICAL MISSOURI, LLC, | ) ) | Case No. 20-_____ (___) |
| Debtor. | ) ) | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, IntegraMed, America Inc., and its affiliated debtors (each a "Debtor," and collectively, the "Debtors") in the above-captioned chapter 7 cases hereby states that the

following is a list of corporations, other than governmental units, that directly or indirectly own 10% or more of any class of interests in the Debtors:

1. IntegraMed Fertility Holding, LLC owns 100% of the equity interests in Debtor IntegraMed Holding Corp.

2. Debtor IntegraMed Holding Corp. owns 100% of the equity interests in Debtor IntegraMed America, Inc.

3. Debtor IntegraMed America, Inc. owns 100% of the equity interests in Debtor Tellis Health LLC, Debtor IntegraMed Fertility Holding Corp., and Debtor Reproductive Partners, Inc.

4. Debtor IntegraMed Fertility Holding Corp. owns 100% of the equity interests in Debtor IntegraMed Management of Bridgeport, LLC, Debtor IntegraMed Florida Holdings, LLC, and 61% of IntegraMed Management, LLC.  IntegraMed Fertility Holding Corp. also owns 27.5% of Class A (non-voting) shares and 50.1% of Class B (voting) shares in Debtor IntegraMed Management of Mobile, LLC.

5. Debtor IntegraMed Management, LLC owns 100% of the voting equity interests in IntegraMed Medical Missouri, LLC.

**WRITTEN CONSENT
OF THE
BOARD OF MANAGERS
OF
INTEGRAMED MANAGEMENT OF BRIDGEPORT LLC**

May 20, 2020

The undersigned, being the board of managers (the "Board") of IntegraMed Management of Bridgeport LLC, a Delaware limited liability company (the "Company"), hereby vote for, adopt, approve and consent to the following resolutions by written consent without a meeting in accordance with the Delaware Limited Liability Company Act and the Limited Liability Company Agreement of the Company, dated September 2, 2015:

**WHEREAS**, the Board has considered the financial and operational condition of the Company and the Company's business on the date hereof, the assets of the Company, the current and long-term liabilities of the Company, and the recommendations of the Company's legal and restructuring advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS**, the Board has determined that it is in the best interest of the Company and the Company's stakeholders, creditors, and other interested parties to commence a case under chapter 7 the Bankruptcy Code.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, the creditors of the Company, and other interested parties that a voluntary petition (the "Petition") be filed by the Company under the provisions of chapter 7 of the Bankruptcy Code; and it is further

**RESOLVED**, that any member or the Board or any officer of the Company (each, an "Authorized Officer," and collectively, the "Authorized Officers") be, and each hereby is, authorized, directed, and empowered (i) to execute and verify the Petition and all documents ancillary thereto, and to cause the Petition to be filed with the United States Bankruptcy Court for the District of Delaware, such Petition to be filed at such time as an Authorized Officer shall determine and to be in the form approved by the Authorized Officer, with the execution thereof by any such Authorized Officer being conclusive evidence of the approval thereof by the Authorized Officers; (ii) to make or cause to be made prior to the execution thereof any modifications to the Petition or such ancillary documents that, in the judgment of the Authorized Officers, may be necessary, appropriate, or desirable, and (iii) to execute, verify, and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents that, in the judgment of the Authorized Officers, may be necessary, appropriate, or desirable in connection with the foregoing; and it is further

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") is authorized and empowered to represent the Company as its general bankruptcy counsel on the terms set forth in its engagement letter with the Company, which is

hereby ratified and approved, and to represent and assist the Company in carrying out its duties under title 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including, without limitation, and the preparation of certain documents to be filed simultaneously with the Petition or during the bankruptcy case; and it is further

**RESOLVED**, that the Authorized Officers be, and each hereby is, authorized, directed, and empowered from time to time to take such actions and execute and deliver such documents as may be required or as the Authorized Officers may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including without limitation the execution and delivery of any petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Authorized Officers shall approve, the taking or execution thereof by any Authorized Officer being conclusive evidence of the approval thereof by the Authorized Officers; and it is further

**RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of such resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified.

*[Remainder of Page Intentionally Left Blank]*

**IN WITNESS WHEREOF**, the undersigned members of the Board hereby execute this written consent effective as of the date first written above.

### BOARD OF MANAGERS:

*/s/ Jeff Johnson*
Jeff Johnson

*Signature Page to IntegraMed Management of Bridgeport LLC – Board of Managers Consent*

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | IntegraMed Management of Bridgeport LLC |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration    **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **May 20, 2020**           X  **/s/ F. Richard Dietz, Jr.**
                                            Signature of individual signing on behalf of debtor

                                            **F. Richard Dietz, Jr.**
                                            Printed name

                                            **Interim Chief Executive Officer**
                                            Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED HOLDING CORP.,[1] | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED AMERICA, INC., | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| TRELLIS HEALTH LLC, | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED FERTILITY HOLDING CORP., | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtor. | ) | |

---

[1] The Debtors in the above captioned Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: IntegraMed Holding Corp. (4778), IntegraMed America, Inc. (0326), Trellis Health LLC (8710), IntegraMed Fertility Holding Corp. (7962), Reproductive Partners, Inc. (7978), IntegraMed Management of Bridgeport, LLC (0302), IntegraMed Florida Holdings, LLC (6524), IntegraMed Management of Mobile, LLC (2766), IntegraMed Management, LLC (9197), and IntegraMed Medical Missouri, LLC (0494). The Debtors' corporate headquarters is located at 2 Manhattanville Road, Purchase, NY 10577.

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| REPRODUCTIVE PARTNERS, INC., | ) | Case No. 20-_____ (___) |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED MANAGEMENT OF BRIDGEPORT, LLC, | ) | Case No. 20-_____ (___) |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED FLORIDA HOLDINGS, LLC, | ) | Case No. 20-_____ (___) |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED MANAGEMENT OF MOBILE, LLC, | ) | Case No. 20-_____ (___) |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED MANAGEMENT, LLC, | ) | Case No. 20-_____ (___) |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED MEDICAL MISSOURI, LLC, | ) | Case No. 20-_____ (___) |
| | ) | |
|     Debtor. | ) | |

## **DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTORS**

1. Pursuant to 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b), I certify that my firm, Young Conaway Stargatt & Taylor, LLP ("YCST") is counsel for the above-captioned debtors (collectively, the "Debtors") and that compensation paid to YCST within one year before the filing of the petitions in bankruptcy, or agreed to be paid to YCST, for services rendered or to be rendered on behalf of the Debtors in contemplation of or in connection with the bankruptcy cases is as follows:

For legal services, YCST has agreed to accept.................................................$208,350.00

Prior to the filing of this statement YCST has received..................................$208,350.00

Balance Due...............................................................................................................$0

2. The source of the compensation paid to YCST was Debtor IntegraMed America, Inc.

3. YCST has not agreed to share the above-disclosed compensation with any other person unless they are a partner, counsel, or associate of YCST.

4. In return for the above-disclosed fee, YCST has agreed to pay the filing fees required to commence these bankruptcy cases and has further agreed to render legal services relating to these bankruptcy cases, including:

 a. Analysis of the Debtors' financial situation, and rendering advice to the Debtors in determining whether to file bankruptcy petitions;

 b. Preparation and filing of voluntary petitions in bankruptcy and certain other documents that may be required;

 c. Representation of the Debtors at the meeting of creditors, and any adjourned hearings thereof.

5. By agreement with the Debtors, the above-disclosed fee does not include the representation of the Debtors in adversary proceedings and other contested bankruptcy matters; nor does it include any future non-bankruptcy representation.

[*Remainder of page intentionally left blank*]

## CERTIFICATION

I hereby certify that the foregoing is a complete statement of any agreement or arrangement for payment to YCST for representation of the Debtors in these bankruptcy proceedings.

Dated: Wilmington, Delaware
       May 20, 2020

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew L. Magaziner*

Andrew L. Magaziner (No. 5426)
Joseph M. Mulvihill (No. 6061)
Matthew P. Milana (No. 6681)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Emails: amagaziner@ycst.com
          jmulvihill@ycst.com
          mmilana@ycst.com

*Counsel for the Debtors*